IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON L. FAULKNER, | § | |
| | § | No. 537, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1608019653 (K) |
| Plaintiff Below- | § | and 1607023832 (K) |
| Appellee. | § | |

Submitted: December 28, 2017
Decided: February 27, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 27th day of February 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The defendant-appellant, Jason L. Faulkner, filed this appeal from the Superior Court's modified sentencing order entered on November 27, 2017. The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Faulkner's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that Faulkner pled guilty on October 25, 2016 to one count of third degree burglary and one count of escape after conviction, which

were charged under two separate indictments. The Superior Court sentenced him, effective August 25, 2016, as follows: (i) as to third degree burglary, three years at Level V incarceration, to be suspended after serving eighteen months (with a requirement that Faulkner successfully complete the Key Program while at Level V), to be followed by decreasing levels of supervision; and (ii) as to escape after conviction, eight years at Level V incarceration, to be suspended after serving twelve months (with a requirement that Faulkner complete a substance abuse treatment program while at Level V), to be followed by six months at Level III probation. Faulkner did not file a direct appeal.

(3) In November 2017, Faulkner returned to the Superior Court for a review of his sentence. Although the reason for the sentence review is not clear from the Superior Court record, Faulkner asserts in his opening brief on appeal that the Department of Correction requested the sentence review after Faulkner signed himself out of the Key Program. Faulkner was represented by counsel. At the conclusion of the hearing, the Superior Court issued a modified order, sentencing Faulkner as follows: (i) as to burglary third degree, effective August 26, 2016, three years at Level V incarceration, to be suspended upon successful completion of the Key Program, followed by decreasing levels of supervision; and (ii) as to escape after conviction, eight years at Level V incarceration, to be suspended after

serving twelve months, to be followed by one year of probation. This appeal followed.

(4) In his two-page opening brief on appeal, Faulkner argues that the Superior Court's 2017 modified sentencing order violates his 2016 plea agreement. Faulkner contends that he agreed to plead guilty in 2016 in exchange for a prison sentence of eighteen months. Faulkner contends that he requested the Superior Court to add the Key Program to his sentence so that he would have the opportunity to earn good time and early release but that he "didn't want the department of corrections to hold [him] more than eighteen months." Faulkner asserts that the Key Program was only required to be completed within the eighteen months but that he was "due to be released at 18 months with or without the completion of the Key Program."

(5) Faulkner's argument is unsupported by the record. Both his guilty plea agreement and the 2016 sentencing order reflect that Faulkner was sentenced to serve time in prison on both his burglary conviction *and* his escape conviction, for a total of two and a half years at Level V imprisonment. Thus, his contention that the plea agreement required his release at the end of eighteen months is simply incorrect. Moreover, both the plea agreement and the 2016 sentencing order reflect that successful completion of a treatment program was a requirement of his sentence for *each* conviction. Again, his contention that his plea agreement

3

required his release after eighteen months whether or not he had successfully completed a treatment program is unsupported by the record. Under the circumstances, we find no merit to Faulkner's appeal. The Superior Court's modified sentence did not violate Faulkner's plea agreement and was otherwise legal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

4